IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHAPIRO AMERICAN HORSE,<br><br>Petitioner,<br><br>vs.<br><br>MELISSA KELLY, ATTORNEY GENERAL OF THE STATE OR MONTANA,<br><br>Respondents. | Cause No. CV 24-175-BLG-DLC<br><br>ORDER |

On December 10, 2024, state pro se prisoner Shapiro American Horse ("American Horse") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 8.)[1] The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

As explained below, because American Horse's petition is unexhausted, it will be dismissed without prejudice.

## I. Exhaustion

Following a guilty plea in Montana's Twenty-Second Judicial District, Big Horn County, American Horse was convicted of Burglary. (Doc. 1 at 2-3, 5.) American Horse originally received a 5-year commitment to the Montana Department of Corrections, with 3 of the years suspended. (*Id*. at 3.) On January 16, 2024, his sentence was revoked due to a probation violation. (*Id.* at 3, 9.)

American Horse did not timely file a direct appeal from the underlying conviction or the sentence imposed upon revocation. (*Id*. at 3-4.) Similarly, he has not sought postconviction review. (*Id*.) American Horse seems to indicate that he has filed a petition for habeas corpus relief in the Montana Supreme Court, although an independent review of Court's docket reveals that there is no active matter pending. (*Id*. at 4); *see Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue).[2]

In his federal petition, American Horse alleges that he was improperly convicted of burglary, in violation of his right to due process, because the criminal

---

[2] *See also*: https://supremecourtdocket.mt.gov/ (accessed December 16, 2024).

acts alleged do not meet the statutory definition of the crime. (Doc. 1 at 4.) He also claims he was coerced into entering a guilty plea. (*Id*. at 5.) He asks that he be released from custody and that the criminal conviction be dismissed. (*Id*. at 7.) American Horse also seeks reimbursement in the amount of $1,500 per day for each day of his purportedly unlawful incarceration. (*Id*.)

As a preliminary matter, American Horse's request for monetary damages for the time served on his state sentence, does not state a cognizable federal habeas claim. Generally, such challenges must be brought in a civil rights action, filed pursuant to 42 U.S.C. § 1983, and not in a § 2254 habeas petition. *See e.g.*, *Muhammad v. Close*, 540 U.S. 749, 750 (2004)(constitutional claims which merely challenge the conditions of a prisoner's confinement or sentence, whether the individual seeks monetary or injunctive relief, fall outside the usual scope of federal habeas petitions and may be brought as civil rights complaints pursuant to § 1983 in the first instance); *see also, Nelson v. Campbell*, 541 U.S. 637, 646 (2004)(noting "damages are not an available habeas remedy"). Accordingly, American Horse is not entitled to the monetary relief he is seeking in this habeas proceeding.

Moreover, a federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not

3

grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims

4

American Horse attempts to advance. American Horse must present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because American Horse has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing American Horse to return to this Court if and when he fully exhausts the claims relative to his current custody.

## II.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648

(2012) (quoting *Slack*, 529 U.S. at 484).

American Horse has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. American Horse's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 16th day of December, 2024.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge